THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv282
(CRIMINAL CASE NO. 1:07cr11)

| | |
|---|---|
| MICHAEL N. ROBINSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody. [Doc. 1].

Petitioner challenges his conviction and sentence in light of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) and argues that his Motion is timely pursuant to 28 U.S.C. § 2255(f)(3). Upon consideration of the motion and the record of prior proceedings, the Court determines that the United States Attorney should file a response to the Petitioner's allegations. Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. The Court is aware that the Fourth Circuit issued a decision in the Simmons case on August 17, 2011. United States v.

Simmons, 649 F.3d 237 (4th Cir. 2011). In United States v. Simmons, the majority of the *en banc* panel of the Fourth Circuit decided that United States v. Harp, 406 F.3d 242 (4th Cir. 2005) had been overruled by the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct 2577 (2010).[1] The Simmons Court concluded that the evaluation of whether a particular offense was a felony must focus on the maximum sentence for which a particular defendant was eligible, in light of his criminal history, rather than the maximum sentence that could be imposed on a defendant with the worst possible criminal record.

The Simmons case, however, does not address the issue of whether Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), applies to cases on collateral review. Instead, the Fourth Circuit is expected to decide this issue in the context United States v. Powell, No. 11-6152, which had been held in

---

[1] In Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), the Supreme Court considered whether the defendant, who had been convicted in state court of two misdemeanor drug offenses, and who had not been charged as a recidivist with respect to the second offense, qualified as having been convicted of an "aggravated felony" under 8 U.S.C. § 1101(a)(43) of the Immigration and Naturalization Act. The Court concluded that "[t]he mere possibility that defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal." Id. at 2589. The Court, therefore, concluded that the state convictions to which no recidivist penalty attached did not meet the definition of "aggravated felony" under the immigration statute.

abeyance pending a decision in Simmons. The Fourth Circuit has directed the Government to file a brief in the Powell case on or before November 14, 2011.

Upon review of the Simmons decision and in anticipation of a decision in Powell, the Court directs that the United States file an Answer in this case within forty (40) days of the Fourth Circuit's decision in Powell.

**IT IS, THEREFORE, ORDERED** that no later than forty (40) days from the Fourth Circuit's decision in United States v. Powell, No. 11-6152, the United States Attorney shall file an Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, detailing and responding to Petitioner's allegation. The Government is also directed to address in its Answer the issue of whether the Petition in this matter is timely filed.

**IT IS SO ORDERED.**

Signed: October 26, 2011

Martin Reidinger
United States District Judge