# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:11-cv-00282-MR
## [Criminal Case No. 1:07-cr-00011-MR-1]

| | |
|---|---|
| MICHAEL N. ROBINSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate his conviction under 28 U.S.C. § 2255, and his alternative claims for relief. [Docs. 1, 5]. Petitioner is represented by Assistant Federal Defender Leah Kane.

On October 2, 2007, Petitioner was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:07-cr-00011, Doc. 15]. The Court sentenced Petitioner to 84 months' imprisonment. Petitioner did not file a direct appeal from this criminal judgment.

In the present motion, Petitioner alleges that he is entitled to relief in light of the Fourth Circuit's *en banc* decision in United States v. Simmons,

649 F.3d 237 (4th Cir. 2011), because the state court felony used to obtain the Section 922(g)(1) conviction did not carry a sentence of more than one year. Petitioner contends that the Court should therefore vacate his conviction and dismiss the indictment. In its Response, the Government asserts that it agrees that Petitioner is actually innocent of the Section 922(g) conviction he now challenges, and he should be entitled to have his conviction vacated. [Doc. 7].

The Court finds that Respondent shall submit further briefing on the issue of actual innocence and the effect of United States v. Powell, 691 F.3d 554 (4th Cir. 2012), on Petitioner's right to relief under Simmons. In particular, the Government should explain how the Court is authorized to reach the merits of Petitioner's Section 2255 motion, in light of Powell and subsequently filed, unpublished cases by the Fourth Circuit. See Powell, 691 F.3d at 560-61 ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.") (emphasis added); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012)

2

(unpublished) ("We note that Wheeler's claim for retroactive application of the Supreme Court's opinion in Carachuri–Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), and our opinion in United States v. Simmons, 649 F.3d 237, 241–45 (4th Cir. 2011) (*en banc*), fails in light of our recent opinion in United States v. Powell, 691 F.3d 554 (4th Cir.2012)."); United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings.").

Respondent shall also explain how Petitioner and other similarly situated petitioners can now claim actual innocence, where, at the time of their convictions, United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005), was controlling law in the Fourth Circuit. Particularly, Respondent shall specifically address the issue of whether Petitioner is "factually innocent" and/or "legally innocent" and state the basis in the record for the Respondent's contentions, and whether such forms the basis for the relief sought by the Petitioner. Finally, Respondent shall address how Petitioner may be entitled to relief under the alternative claims for relief, namely, pursuant to 28 U.S.C. § 2241, or pursuant to petitions for a writ of *audita querela* or *coram* nobis. The Petitioner will thereafter be afforded an opportunity to respond.

**IT IS, THEREFORE, ORDERED** that, within thirty (30) days, the United States Attorney shall submit a memorandum to this Court in accordance with this Order. Petitioner's counsel shall then have twenty (20) days in which to file a memorandum in response to Respondent's memorandum.

**IT IS SO ORDERED.**

Signed: January 17, 2013

Martin Reidinger
United States District Judge

4